# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| TATYANA EVGENIEVNA DREVALEVA,<br><br>Plaintiff,<br><br>v.<br><br>DENIS RICHARD MCDONOUGH, et al.,<br><br>Defendants. | Case No. 24-mc-80089-BLF<br><br>**ORDER DENYING PERMISSION TO FILE COMPLAINT** |

On October 26, 2022, Judge Gilliam declared Plaintiff Tatyana Evgenievna Drevaleva a vexatious litigant, and entered a Pre-Filing Order that barred Plaintiff from filing complaints "that name as defendants any federal entity and/or any current or former federal employee, whether in their individual or official capacities, where the allegations concern Plaintiff's prior employment or subsequent employment disputes with the VA and/or the rulings in and handling of all cases arising from those disputes." *Drevaleva v. McDonough*, 4:22-cv-00887-HSG, Dkt. No. 102 at 10 (N.D. Cal. Oct. 26, 2022) ("Pre-Filing Order"). The Pre-Filing Order warned that "any action filed in violation of this Order will be subject to dismissal." *Id.* at 10–11.

On April 8, 2024, Plaintiff attempted to file another complaint. ECF No. 1 ("Compl."). The Clerk of Court identified Plaintiff as a vexatious litigant, opened this miscellaneous case number, and referred the matter to the undersigned to determine whether the proposed complaint may be filed. For the reasons stated below, the Court DENIES permission to file the complaint.

## I.   BACKGROUND

Plaintiff's extensive litigation history is best summarized in Judge Gilliam's order declaring Plaintiff a vexatious litigant. *See* Pre-Filing Order at 1–6. The Court will repeat facts only as necessary to this Order.

1    Plaintiff first sued the United States Department of Veterans Affairs in 2018, bringing
2 discrimination claims arising from her termination from the VA New Mexico Healthcare System.
3 Plaintiff has filed at least nine cases arising from the same employment disputes, as well as a
4 lawsuit against Judge Alsup for his handling of her cases. All of Plaintiff's cases have been
5 dismissed.
6    Relevant to this case is Plaintiff's December 2018 complaint filed with the Merit Systems
7 Protection Board ("MSPB"). The MSPB's initial decision found that Plaintiff did not meet the
8 definition of an employee under the relevant statute, and thus the MSPB did not have jurisdiction
9 over her case. *See Drevaleva v. U.S. Dep't of Veterans Affairs*, No. 4:19-cv-05927-HSG, Dkt. No.
10 1 at 21–33 (N.D. Cal. Sept. 23, 2019). Plaintiff appealed to the Federal Circuit, which transferred
11 the case to this district. Judge Alsup granted a motion to dismiss, finding that Plaintiff's claims
12 were barred by res judicata. *See id.*, Dkt. No. 34 at 3–4 (N.D. Cal. Dec. 19, 2019).
13    On February 1, 2024, the MSPB issued its final order in Plaintiff's case, denying Plaintiff's
14 petition for review and affirming the initial decision that concluded that the MSPB did not have
15 jurisdiction. Compl. Ex. 1 at p. 35–41. On April 8, 2024, Plaintiff attempted to file the complaint
16 at issue in this case, requesting that the Court "evaluate the material facts of the case and to
17 remand [her] case back to the M.S.P.B. for a further proceeding." *Id.* ¶ 4; *see also id.* ¶ 94 (same).

**II.   DISCUSSION**

19    Although Plaintiff's complaint is denominated as an appeal of the MSPB's final order, the
20 Court finds that the complaint does not raise any issue taken up by the MSPB in its final
21 decision—that is, whether the MSPB had jurisdiction over Plaintiff's case. Rather than raising an
22 argument that the MSPB had jurisdiction because Plaintiff is an employee under the relevant
23 statutes—an argument that this Court observes should be before the Federal Circuit, *see* 5 U.S.C.
24 § 7703(b)(1)(A)—Plaintiff argues that the MSPB had jurisdiction because she alleges intentional
25 discrimination. Compl. ¶ 85; *see also id.* ¶¶ 43, 94 (requesting that the Court review the "material
26 facts" of Plaintiff's case). Plaintiff's argument was already raised and rejected by Judge Alsup,
27 who found that Plaintiff's claim was barred by res judicata when she sought review of the MSPB's
28 initial decision. *See Drevaleva v. U.S. Dep't of Veterans Affairs*, No. 4:19-cv-05927-HSG, Dkt.

12 at 6 (N.D. Cal. Oct. 18, 2019); *id.* Dkt. No. 34 at 3–4.  Even if Plaintiff's argument were not addressed by Judge Alsup, the Court would find that Plaintiff's claims arise from the same employment dispute and raise the same discrimination claims as all nine of her previous lawsuits in this district.  Plaintiff again names as defendants federal entities and a federal employee and raises allegations "concern[ing] Plaintiff's prior employment or subsequent employment disputes with the VA and/or the rulings in and handling of all cases arising from those disputes."  *See* Pre-Filing Order at 10.  Thus, the Court finds that Plaintiff's complaint is part of the "pattern of improper and meritless filings" that the Pre-Filing Order was put in place to prevent.  *See* Pre-Filing Order at 9.

Consistent with the Pre-Filing Order, the Court DENIES Plaintiff's request to file her complaint.  *See Balik v. Cnty. of Ventura*, No. 222CV00679CDSVCF, 2022 WL 1748013, at *3 (D. Nev. May 27, 2022) (dismissing a vexatious litigant's action for failing to comply with a pre-filing order), *aff'd*, No. 22-15831, 2023 WL 6827223 (9th Cir. Oct. 17, 2023).

### III.   ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff's request for permission to file her complaint is DENIED.  The Clerk of Court shall terminate this matter.

Dated:  April 16, 2024

BETH LABSON FREEMAN
United States District Judge