UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TATYANA EVGENIEVNA DREVALEVA,<br><br>Plaintiff,<br><br>v.<br><br>DENIS RICHARD MCDONOUGH, et al.,<br><br>Defendants. | Case No.  5:24-mc-80089-BLF<br><br>**ORDER DENYING PLAINTIFF'S FIRST MOTION TO VACATE THE JUDGMENT**<br><br>[Re:  Dkt. No. 3] |

On October 26, 2022, Judge Haywood S. Gilliam, Jr. declared Plaintiff Tatyana Evgenievna Drevaleva ("Plaintiff" or "Drevaleva") a vexatious litigant, and entered a Pre-Filing Order that barred Drevaleva from filing complaints "that name as defendants any federal entity and/or any current or former federal employee, whether in their individual or official capacities, where the allegations concern Plaintiff's prior employment or subsequent employment disputes with the VA and/or the rulings in and handling of all cases arising from those disputes." *Drevaleva v. McDonough*, No. 22-cv-00887, 2022 WL 15173728, at *6 (N.D. Cal. Oct. 26, 2022) ("Pre-Filing Order").  The Pre-Filing Order warned that "any action filed in violation of this Order will be subject to dismissal."  *Id.*

On April 16, 2024, this Court denied Plaintiff's request for permission to file a complaint, finding that Plaintiff's claims in the proposed complaint "arise from the same employment dispute and raise the same discrimination claims as all nine of her previous lawsuits in this district" and therefore that the new complaint is "part of the 'pattern of improper and meritless filings' that the Pre-Filing Order was put in place to prevent."  Dkt. No. 2 ("April 16 Order") at 3.  Plaintiff now moves to vacate the Court's April 16 Order.  Dkt. No. 3 ("Mot.").  For the following reasons, the

Court hereby DENIES Plaintiff's motion.

## I. BACKGROUND

Plaintiff's extensive litigation history is best summarized in Judge Gilliam's order declaring Plaintiff a vexatious litigant. *See* Pre-Filing Order at 1–6. The Court will repeat facts only as necessary to this Order.

Plaintiff first sued the United States Department of Veterans Affairs in 2018, bringing discrimination claims arising from her termination from the VA New Mexico Healthcare System. Plaintiff has filed at least nine cases arising from the same employment disputes, as well as a lawsuit against Judge Alsup for his handling of her cases. All of Plaintiff's cases have been dismissed.

Relevant to this case is Plaintiff's December 2018 complaint filed with the Merit Systems Protection Board ("MSPB"). The MSPB's initial decision found that Plaintiff did not meet the definition of an employee under the relevant statute, and thus the MSPB did not have jurisdiction over her case. *See Drevaleva v. U.S. Dep't of Veterans Affs.*, No. 4:19-cv-05927-HSG, Dkt. No. 1 at 21–33 (N.D. Cal. Sept. 23, 2019). Plaintiff appealed to the Federal Circuit, which transferred the case to this district. Judge Alsup granted a motion to dismiss, finding that Plaintiff's claims were barred by res judicata. *Drevaleva v. Wilkie*, No. 19-cv-05927, 2019 WL 6911632, at *2 (N.D. Cal. Dec. 19, 2019).

On February 1, 2024, the MSPB issued its final order in Plaintiff's case, denying Plaintiff's petition for review and affirming the initial decision that concluded that the MSPB did not have jurisdiction. Dkt. No. 1 ("Compl."), Ex. 1 at pp. 35–41. On April 8, 2024, Plaintiff attempted to file the complaint at issue in this case, requesting that the Court "evaluate the material facts of the case and . . . remand [her] case back to the M.S.P.B. for a further proceeding." *Id.* ¶ 4; *see also id.* ¶ 94 (same).

This Court reviewed Plaintiff's proposed complaint and found that it failed to raise any issue taken up by the MSPB in its final decision determining that it did not have jurisdiction over her case. April 16 Order at 2. Specifically, Plaintiff did not argue that the MSPB had jurisdiction because Plaintiff is an "employee" under the relevant statutes. Instead, Plaintiff raised an

2

1  argument that Judge Alsup already rejected as barred by res judicata: that the MSPB had
2  jurisdiction because she alleges intentional discrimination. *Id.* at 2–3 (citing *Drevaleva v. U.S.*
3  *Dep't of Veterans Affs.*, No. 4:19-cv-05927-HSG, Dkt. 12 at 6 (N.D. Cal. Oct. 18, 2019); *id.* Dkt.
4  No. 34 at 3–4). The Court thus denied Plaintiff's request to file her complaint, concluding that it
5  was "part of the 'pattern of improper and meritless filings' that the Pre-Filing Order was put in
6  place to prevent." April 16 Order at 3.
7      Plaintiff now moves pursuant to Federal Rule of Civil Procedure 60(b) for an order
8  vacating the April 16 Order. Dkt. No. 3.

## II.  LEGAL STANDARD

"On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief."

Fed. R. Civ. P. 60(b). Relief under subsection (2) "is warranted if (1) the moving party can show the evidence relied on in fact constitutes 'newly discovered evidence' within the meaning of Rule 60(b); (2) the moving party exercised due diligence to discover this evidence; and (3) the newly discovered evidence must be of 'such magnitude that production of it earlier would have been likely to change the disposition of the case.'" *Feature Realty, Inc. v. City of Spokane*, 331 F.3d 1082, 1093 (9th Cir. 2003) (quoting *Coastal Transfer Co. v. Toyota Motor Sales, U.S.A.*, 833 F.2d 208, 211 (9th Cir. 1987)). Regarding subsection (3), relief is available "only when the fraud was committed by 'an adverse party.'" *Latshaw v. Trainer Wortham & Co.*, 452 F.3d 1097, 1102 (9th Cir. 2006) (citing *In re Grantham Bros.*, 922 F.2d 1438, 1442–43 (9th Cir. 1991)).

## III.  DISCUSSION

As a preliminary point, although Drevaleva acknowledges in her brief that she is moving

3

the Court to "vacate the Judgment that erroneously denied leave to file [her] First Petition for Review of the February 01, 2024 Final Decision of the Merit Systems Protection Board," Mot. at 3—meaning this Court's April 16 Order—Drevaleva also at times appears to seek review of the underlying decision of the MSPB.  For example, Drevaleva argues that this Court "erroneously concluded that [she] was not an 'employee'" under the relevant statutes, *id.* at 6, and she appears to suggest that she wants the Court to review *de novo* the MSPB's decision, *id.* at 8–10.  To be clear, this Court did not conclude one way or the other whether Drevaleva was an employee under the relevant statutes; rather, the Court's point in the April 16 Order was that Drevaleva's proposed complaint failed to "raise any issue taken up by the MSPB in its final decision" and therefore was not an "appeal" of the MSPB's final order, despite its denomination as such.  April 16 Order at 2.  Nor is it possible for Drevaleva to secure *de novo* review of the MSPB's decision through this Rule 60(b) motion.  The only question before the Court on the present motion is whether Drevaleva has identified an adequate reason for the Court to reconsider its decision denying her April 8, 2024 request to file new complaint.  She has not.

In order to succeed on a request for reconsideration under Rule 60(b), a movant must identify a qualifying defect that infected the judgment, order, or proceeding from which relief is sought.  *See* Fed. R. Civ. P. 60(b)(1)–(6).  Drevaleva brings her Rule 60 motion pursuant to subparts 60(b)(2) or 60(b)(3), meaning that she must point to either "newly discovered evidence that, with reasonable diligence, could not have been discovered" prior to the April 16 Order, Fed. R. Civ. P. 60(b)(2), or "fraud[], misrepresentation, or misconduct by an opposing party" with regard to the April 16 Order, *id.* 60(b)(3).  Neither subpart has application here, and therefore the motion is DENIED.

First, Drevaleva fails to identify any "newly discovered evidence" that this Court failed to consider in issuing its April 16 Order.  The only "new" information that Drevaleva identifies is *Perry v. Raimondo*, 101 F.4th 55 (D.C. Cir. 2024), a case decided in May 2024.  Mot. at 7.  However, that case is not new evidence as required under Rule 60(b)(2), because a new appellate opinion is not "evidence" for purposes of Rule 60(b).  "The same standard applies to motions on the ground of newly discovered evidence whether they are made under Rule 59 or Rule 60(b)(2)."

4

11 Wright & Miller, Federal Practice and Procedure § 2859 (3d ed. 2024).  Under that standard, the "newly discovered evidence must be of *facts existing at the time of trial*." *Contempo Metal Furniture Co. of California v. E. Texas Motor Freight Lines, Inc.*, 661 F.2d 761, 766 (9th Cir. 1981) (emphasis added) (citing *Corex Corp. v. United States*, 638 F.2d 119, 121 (9th Cir. 1981); and 11 Wright & Miller, Federal Practice & Procedure § 2808, at 55 & n. 94 (1973)); *cf. Fantasyland Video, Inc. v. Cnty. of San Diego*, 505 F.3d 996, 1005 (9th Cir. 2007) ("The declaration is not 'newly discovered evidence' under Rule 60(b)(2) because it discusses evidence that was not in existence at the time of the judgment.").  The *Perry* opinion is not a "fact," and it was not in existence at the time that this Court issued the April 16 Order.  Therefore, that opinion does not provide a basis for relief under Rule 60(b).

In any event, *Perry* does not assist Drevaleva.  The *Perry* panel clarified that a "district court [is] required, as the 'reviewing court,' to provide a 'trial de novo'" on discrimination claims when the district court is reviewing a "mixed case"—i.e., a case that "combines a claim under a federal anti-discrimination statute with a challenge to a serious adverse employment action under the [Civil Service Reform Act]," 101 F.4th at 58—that the MSPB has dismissed for lack of jurisdiction.  *Id.* at 62 (citing 5 U.S.C. § 7703(c)).  But in this case, after Drevaleva filed a complaint with the MSPB in December 2018 and the MSPB determined that it lacked jurisdiction over the complaint, the Federal Circuit transferred the matter to the Northern District of California, which determined that Plaintiff's claims—including the discrimination claims—were barred by res judicata.  *Drevaleva v. Wilkie*, No. 19-cv-05927, 2019 WL 6911632, at *2 (N.D. Cal. Dec. 19, 2019); *see Drevaleva v. U.S. Dep't of Veterans Affs.*, No. 18-cv-03748, 2018 WL 6305612, at *2–3 (N.D. Cal. Dec. 3, 2018).  Res judicata applied because Drevaleva initially filed suit related to her discrimination claims in federal district court, and that lawsuit (including its discrimination claims) was dismissed in July 2019.[1]  *See Drevaleva v. U.S. Dep't of Veterans Affs.*, No. 4:18-cv-

---

[1] On appeal, the Ninth Circuit reversed the district court's dismissal of Drevaleva's sex discrimination and Rehabilitation Act claims and remanded for further proceedings.  *See Drevaleva v. U.S. Dep't of Veterans Affs.*, 835 F. App'x 221, 223–24 (9th Cir. 2020).  The district court subsequently granted Drevaleva's request to transfer the case to the District of New Mexico, *Drevaleva v. U.S. Dep't of Veterans Affs.*, No. 18-cv-03748, 2021 WL 4924770, at *4 (N.D. Cal. Aug. 12, 2021), and the District of New Mexico ultimately dismissed the case with prejudice as a

03748-HSG, Dkt. Nos. 1, 155.

In other words, the district court already conducted the "mixed case" review discussed in *Perry* when Drevaleva's appeal of the MSPB decision was transferred to the Northern District of California by the Federal Circuit. *See Drevaleva v. U.S. Dep't of Veterans Affs.*, No. 4:19-cv-05927-HSG, Dkt. No. 1 at 6–7 (N.D. Cal. Sept. 23, 2019) (explaining that the Federal Circuit's "jurisdiction does not extend to cases in which the petitioner pursues a discrimination claim," and that instead "review of a so-called mixed case must be sought in federal district court," and then transferring Drevaleva's case to the Northern District of California). Unlike the district court in *Perry*, the court to which Drevaleva's case was transferred did not decline to consider the merits of Drevaleva's discrimination claims *de novo*. *See* 101 F.4th at 57. Rather, the district court in this case considered the discrimination claims and concluded that they were barred by res judicata. Therefore, even if *Perry* qualified as "newly discovered evidence"—which it does not—it would not change the outcome of the Court's denial of Drevaleva's request to file a new complaint.

Second, Drevaleva has not identified any "fraud[], misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3). Rule 60(b)(3) includes an express requirement that the fraud or misconduct that forms the basis of the request must have been committed by an opposing or adverse party. *See id.* However, there was no party adverse to or opposing Drevaleva with regard to the order that she currently challenges. Under the Pre-Filing Order, Drevaleva was required to request approval from the Court prior to filing any new complaints "that name as defendants any federal entity and/or any current or former federal employee, whether in their individual or official capacities, where the allegations concern Plaintiff's prior employment or subsequent employment disputes with the VA and/or the rulings in and handling of all cases arising from those disputes." Pre-Filing Order at 10. Such requests are not opposed. Rather, the Court reviews the request and the proposed complaint to determine whether filing is permissible and notifies the Plaintiff of its determination. In this case, the Court concluded that Drevaleva's proposed new complaint was "part of the 'pattern of improper and meritless filings' that the Pre-

---

sanction, *Drevaleva v. U.S. Dep't of Veterans Affs.*, No. 21-cv-761, 2021 WL 5083989, at *7 (D.N.M. Nov. 2, 2021), *aff'd*, No. 21-2139, 2022 WL 2662081 (10th Cir. July 11, 2022).

1   Filing Order was put in place to prevent" and denied her request to file. *See* April 16 Order at 3.
2   Since this course of events did not involve any action by an "opposing party," Rule 60(b)(3) also
3   has no application here.

4     Although not invoked by Drevaleva, the only potentially applicable basis under Rule 60(b)
5   would be subsection (6), which is the catchall provision that is available when Rules 60(b)(1)
6   through (b)(5) are inapplicable. However, that provision is applied only when extraordinary
7   circumstances justify reopening the case. *Kemp v. United States*, 596 U.S. 528, 533 (2022); *see*
8   *United States v. Washington*, 593 F.3d 790, 799 (9th Cir. 2010). It "has been used sparingly as an
9   equitable remedy to prevent manifest injustice . . . where extraordinary circumstances prevented a
10  party from taking timely action to prevent or correct an erroneous judgment." *United States v.*
11  *Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993). "[M]ere dissatisfaction with
12  the court's order or belief that the court is wrong in its prior decision are not adequate grounds for
13  relief." *Safari v. Whole Foods Mkt., Inc.*, No. 22-cv-01562, 2023 WL 8269774, at *2 (C.D. Cal.
14  Oct. 10, 2023) (citing *Twentieth Century-Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th
15  Cir. 1981)). No such extraordinary circumstances exist here. As this Court already determined
16  last April, Drevaleva's proposed new complaint is "part of the 'pattern of improper and meritless
17  filings' that the Pre-Filing Order was put in place to prevent." April 16 Order at 3. Her request to
18  file was properly denied, and her present request to reconsider that denial is likewise rejected.

19  **IV.   ORDER**
20    For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff's First Motion to
21  Vacate the Judgment (Dkt. No. 3) is DENIED.

23  **IT IS SO ORDERED.**

25  Dated:  February 19, 2025

                   _____
                   BETH LABSON FREEMAN
                   United States District Judge

United States District Court
Northern District of California